UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES – GENERAL

Case No. 5:26-cv-06045-SRM (SK) Date: November 4, 2026
Title Roberto Gil v. Warden Geo Group Inc. et al.

Present: The Honorable: Steve Kim, United States Magistrate Judge

| A. Silva-Elder | n/a |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Petitioner: | Attorneys Present for Respondents: |
| None present | None present |

**Proceedings:** (IN CHAMBERS) **ORDER TO SHOW CAUSE**

In 2016, Petitioner was convicted and sentenced in Florida state court for drug trafficking. Petitioner also happens to be a native and citizen of Cuba. As a result, immigration authorities lodged a detainer with the Florida Department of Corrections, so that upon his release from state criminal custody he would not be released into the community but transferred to civil immigration custody for removal proceedings. Petitioner has now been released from state custody and, under the immigration detainer, transferred to the Adelanto detention facility in this district. *See Trigueros v. Adams*, 658 F.3d 983, 987 (9th Cir. 2011) (federal courts may take judicial notice of public state court records). From there, he has filed a petition under 28 U.S.C. § 2241, seeking release by collaterally attacking the validity of his Florida conviction that forms the basis for his removal proceedings. It is clear on the face of the petition, however, that petitioner is not entitled to relief under § 2241. *See* Rule 4 of Rules Governing Section 2254 Cases; Local Rule 72-3.2.

*First*, while the petition is ostensibly brought under 28 U.S.C. § 2241, the appropriate habeas vehicle for petitioner to challenge his Florida state conviction is 28 U.S.C. § 2254. *See Brito-Lopez v. Mikasey*, 2008 WL 793573 at *3 (C.D. Cal. Mar. 24, 2008) ("A challenge to the validity of a state court conviction is reserved for habeas petitions focused on the state proceedings themselves, brought pursuant to 28 U.S.C. §2254."). To invoke this court's habeas jurisdiction, petitioner must "be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng*

*v. Cook*, 490 U.S. 488, 490–91 (1989). Otherwise, this court has no jurisdiction to review petitioner's habeas claims attacking his 2016 Florida conviction. *See id.* at 492.

*Second*, it makes no difference—for jurisdictional purposes—that the Florida conviction may be the basis to detain petitioner for removal proceedings. Once the custodial sentence for any conviction "has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." *Id.*; *see Resendiz v. Kovensky*, 416 F.3d 952, 956–57 (9th Cir. 2005) ("Immigration consequences, such as deportation, have long been viewed as 'collateral,' and thus are not themselves sufficient to render an individual 'in custody.'"). And none of the rare exceptions to the "in custody" requirement apply here. *See Resendiz*, 416 F. 3d at 959; *Daniels v. U.S.*, 532 U.S. 374, 382 (2001). Indeed, "once a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid." *Lackawanna Cnty. Dist. Attorney v. Coss*, 532 U.S. 394, 403 (2001).

*Third*, even if the petition were evaluated under § 2241 on its own terms, petitioner cannot "collaterally attack his state conviction in a habeas petition against [immigration enforcement] under § 2241." *Resendiz*, 416 F. 3d at 961. "Until [petitioner] has overturned his conviction in a collateral action against the state, [immigration enforcement] may rely on it as a lawful basis for detention and deportation." *Contreras v. Schiltgen*, 122 F. 3d 30, 33 (9th Cir. 1997).

* * *

For these reasons, petitioner is **ORDERED TO SHOW CAUSE** on or before **November 18, 2026** why the Court should not summarily dismiss this habeas action for lack of jurisdiction. Petitioner may discharge this order by voluntarily dismissing this action without prejudice using the attached form CV-09y. Failure to comply with this order, however, may lead to involuntary dismissal of this action for failure to prosecute and comply with court orders. *See* Fed. R. Civ. P. 41(b); L.R. 41-1.